

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-177-03187

*Law and Policy Section*                                                               *Telephone (202) 514-1442*
*P.O. Box 7415*                                                                         *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC 20044*

January 3, 2012

Clerk's Office
U.S. District Court
Northern District of California, San Francisco
450 Golden Gate Ave., 16th Fl.
San Francisco, CA 94102

      Re:    <u>Baykeeper v. Bae Systems San Francisco Ship Repair, Inc</u>, United States District Court for the Northern District of California, Case. No. 3:11-cv-5184

Dear Clerk of Court:

      I am writing to notify you that the United States has reviewed the proposed consent decree in this action and does not object to its entry by this Court.

      On November 21, 2011, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

<u>See</u> also 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

      In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. <u>See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland</u>, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project (SEP) payment sufficient to deter future violations, or combinations of the above.

In this case, the Plaintiff alleged violations of section 301(a) and 402 of the Clean Water Act, 33 U.S.C. § 1311, for the unlawful discharge of pollutants and violations of storm water permit requirements.  In terms of injunctive relief, the proposed consent decree requires the Defendant to implement stormwater-related facility compliance measures including designating discharge points, process areas, and storage areas; designing protocol for all sampling locations; implementing specified Best Management Practices to comply with the Industrial Stormwater Permit and its Individual NPDES Permit, and amending their current Storm Water Pollution Prevention Plan.  The consent decree also provides for employee training, specified stormwater sampling schedules and reporting, and drafting of an action plan for the facilities in question subject to Plaintiff review.

This consent decree further provides that the Spaulding Wooden Boat Center receive a total payment of $130,000 for a SEP to fund an enhanced stormwater pollution prevention program at the Center's facility located along the San Francisco Bay, and within several miles of the Defendant's facility at issue in this litigation.  The project will include revisions of the Center's existing Stormwater Pollution Prevention Plan, construction of structural improvements to the facility's pier and drainage system, and development of a community outreach and education program related to stormwater containment treatment.  In the event that the SEP is completed under budget, the remainder of the sum shall be paid to the Rose Foundation for projects that will benefit the environment of the San Francisco Bay watershed.  The consent decree also provides that, in the event of future missed deadlines and failure to collect required samples by the Defendant, the Defendant shall pay additional stipulated amounts to the Rose Foundation.

Where a consent judgment provides for the payment of sums to a third party for a SEP, the United States asks the third party to confirm in writing that it is a section 501(c)(3) tax-exempt entity and that it (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the SEP funds were spent.

On December 22 and November 28, 2011, the United States received from Rose Foundation and Spaulding Wooden Boat Center, respectively, letters confirming that all funds received from the Defendant as a result of the proposed consent decree would be used solely for the purpose outlined in the decree and that they do not fund political lobbying activities prohibited by section 501(c)(3) of the IRS Code; copies of those letters are attached as Exhibits A and B.  The Department of Justice believes that these letters will help ensure that any monies expended under the proposed consent judgment will be used in a manner that furthers the purposes of the Act, and that is consistent with the law and the public interest.

Given these representations, the United States has no objection to the entry of the proposed consent judgment.  We accordingly notify the Court of that fact.

The United States affirms for the record that it is not bound by this settlement. See, e.g., Hathorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc., 484

U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); Sierra Club v. Electronic Controls Design, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. See 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 514-3932 if you have any questions.

Sincerely,

*/s/ Judy B. Harvey* \_\_\_\_\_
Judy B. Harvey, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C. 20044

cc: Counsel on Record via ECF

Exhibits

# EXHIBIT A



# THE ROSE FOUNDATION
For Communities & The Environment

12/22/11

Ms. Sarah Lu
US Department of Justice
Environment & Natural Resources Division
Policy, Legislative & Special Litigation Section
P.O. Box 4390
Ben Franklin Station
Washington, D.C. 20044-4390

Re: <u>San Francisco Baykeeper v. BAE Systems</u>

Dear Ms. Lu,

This letter is intended to provide assurance that I have received the proposed Consent Decree between the San Francisco Baykeeper and BAE Systems, and that I am authorized by my Board of Directors to make the following binding commitments on behalf of the Rose Foundation.

1) I understand that the Rose Foundation may receive funds from BAE Systems as specified in the Consent Decree. These may either be in the form of stipulated payments or some unused balance from the Spaulding Wooden Boat Center project.

2) As specified in the Consent Decree, the Rose Foundation shall only use these funds to support projects that benefit water quality in the San Francisco Bay watershed. None of the funds shall be used to support San Francisco Baykeeper

3) After the funds have been disbursed, the Rose Foundation shall send a report to the Justice Department, the court and the parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

**Rose Foundation for Communities and the Environment**
The Rose Foundation is a 501(c)(3) public charity (tax ID#94-3179772). Its mission is to support grassroots initiatives to inspire community action to protect the environment, consumers and public health. To fulfill this mission, the Rose Foundation conducts the following activities:

- Raise money to award as grants to qualified non-profit organizations conducting charitable operations. The Foundation does not fund political lobbying activities prohibited by Section 501(c)(3) of the IRS Code.

- Work directly in schools and in the community to encourage environmental stewardship and civic participation.

---

6008 College Avenue, Suite 10 • Oakland, California 94618
(510) 658-0702 • fax: (510) 658-0732
email: rose@rosefdn.org • www.rosefdn.org

- Help government efforts to control pollution and protect the environment by encouraging community engagement in local, state and federal research and policy development.

- Harness economic power to leverage environmental sustainability, support job creation through the development of environmentally sound businesses, and encourage communication and cooperation between businesses and their communities.

- Respect the inalienable rights protected by our nation's constitution, and the essential human rights to clean air, clean water and individual dignity.

The Rose Foundation is governed by a Board of Directors. Grant applicants are required to submit written proposals, which must include at a minimum specific information about the goals, activities and projected outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request. The Foundation may require additional information in order to fully evaluate the application. Applications are first screened by Foundation staff. Staff then makes recommendations to the Foundation Board for action. The Foundation requires all projects to submit written reports within one year of receipt of the grant award describing work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by the certified public accounting firm Levy and Powers are posted on the Foundation's website www.rosefdn.org.

I hope this provides you with the information you require. Please do not hesitate to contact me with any questions, or for additional information at (510) 658-0702 or tlittle@rosefdn.org.

Sincerely,

Tim Little
Executive Director

# EXHIBIT B



**BOARD OF DIRECTORS**

**PRESIDENT**
Bert Damner

**SECRETARY**
Linda Swanson

**TREASURER**
Tom Miller

Mike Douglas
Terry Klaus
Tom List
Richard Pfaff
Richard Ponzio
Sharon White
Michael Wiener

**ADVISORY COUNCIL**
Rod bauer
Grace Bodle
Diane Brenden
John Colver
Hank Easom
Peter English
Susan Frank
Irv Gubman
Glenn Isaacson
Annette Rose
John Swain
Mark Welther
Monroe Wingate

**ASSOCIATE DIRECTOR**
Andrea Rey

**BOATYARD MANAGER**
Michael Wiener

November 28, 2011


Ms. Sarah Lu
US Department of Justice
Environmental and Natural Resources Division
Policy, Legislative & Special Litigation Section
P.O. Box 4390
Ben Franklin Station
Washington, D.C. 20044-4390


Re: **Baykeeper v. BAE systems San Francisco Ship Repair, Inc. (Case No: 3:1-cv-05184-SI)**

Dear Ms. Lu,

1. This letter is intended to provide assurance that I have received and read the proposed Consent Decree in the action Baykeeper **v.** BAE systems San Francisco Ship Repair, Inc.

And that I am authorized by my Board of Directors to make the following binding commitments on behalf of the Spaulding Wooden Boat Center.

1) I understand that the Spaulding Wooden Boat Center may receive funds from BAE systems San Francisco Ship Repair, Inc. as specified in the Consent Decree.

2. As specified in the Consent Decree, the Spaulding Wooden Boat Center shall only use these monies to fund an environmental project to benefit the San Francisco Bay Watershed described in Exhibit 2 of the consent decree

2) None of the funds shall be used to support litigation of against any solid waste or recycling projects; none of the funds may be used to support grants related to opposition to BAE systems San Francisco Ship Repair, Inc.;  and we will not use any funds received for political lobbying activities.

3) Within 30 days of these funds being disbursed, the Spaulding Wooden Boat Center shall send a report to the Justice Department, the court and the parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

**Spaulding Wooden Boat Center (SWBC)**
SWBC is a 501(c) (3) public charity (tax ID # 75-3079357). Its mission is to:

Educate the next generation in traditional wooden boat restoration and building skills;
Preserve the Spaulding Boat Works as a working and living museum;

In order to achieve its mission, our organization offers the following community programs and services:

**Community Sailing Program:** A community outreach and culturally relevant initiative designed to bridge the divide between diverse underserved communities and bay area's most valuable and least accessible open space area – the San Francisco Bay. The Community Sailing Program serves over 200 youth and adults a year.

**Youth Boatbuilding & Sailing Program:** This program provides 25 teenagers with a unique environment that offers them the tools, rare woods, and mentoring needed to build a sailing vessel from scratch as it was done a hundred years ago.

**Spaulding Boat Works Living Museum & Maritime Center:** SWBC's public facility gives visitors the opportunity to step back in time and experience the art of wooden boatbuilding as it has been done for centuries. The smell of wood shavings, and the sounds and sight of beautiful wooden vessels being brought back to life by skilled craftspeople inspires everyone who steps through the facility's doors.

**Restoration of the Historic *Freda*:** Widely celebrated as the Matriarch of San Francisco Bay, *Freda,* a 52-ft. gaff sloop, was built in 1885 in Belvedere, CA, and is the oldest active sailing yacht on the west coast. *Freda* is the only remaining boat of its kind in existence today. After sinking in 2004, SWBC acquired *Freda* with the goal of restoring and returning her to San Francisco Bay.

**Volunteer Program:** SWBC is able to provide these valuable community education experiences thanks to our more than 50 skilled and committed volunteer craftspeople, educators, historians, and advanced sailors.

**Arques School of Traditional Boatbuilding:** SWBC is home to the Arques School of Traditional Boatbuilding. Founded in 1996 by highly respected local master builder, Bob Darr, the Arques School is a 501(c)(3) apprentice school with the mission of developing craftspeople skilled in the art of building boats in the traditional plank-on-frame methods. The Arques School is restoring Freda, thorough her restoration students and graduates learn traditional lofting, framing and planking.

I hope this provides you with the information you require. Please do not hesitate to contact me with any questions, or additional information at (510) 658-0702 or
andrea@spauldingcenter.org

Sincerely,


Andrea Rey
Associate Director